IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CARLOS J. WOMACK,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>KING COUNTY and CARRI BREZONICK,<br><br>　　　　　Defendants. | NO.<br><br>**COMPLAINT FOR DAMAGES AND OTHER RELIEF**<br><br>JURY TRIAL DEMANDED |

## I.　　INTRODUCTION

This is an action for damages pursuant to the Washington Law Against Discrimination (WLAD) and 42 U.S.C. § 1981 to remedy discriminatory and retaliatory employment practices and common law violations by agents of defendant King County and its agent Carri Brezonick that have resulted in loss of employment opportunities and emotional distress for Plaintiff.

COMPLAINT FOR DAMAGES
AND OTHER RELIEF - 1

**PATRICIA S. ROSE**
LAW OFFICE OF PATRICIA S. ROSE
1455 NW Leary Way, Suite 400
Seattle, Washington 98107
T: (206) 622-8964 | F: (206) 694-2695
patty@pattyroselaw.com

## II.   JURISDICTION AND VENUE

2.1    Jurisdiction and venue are proper in this Court under 28 U.S.C. §§ 1331 and 1367(a) and 28 U.S.C. § 1391, respectively.

2.2    Prior to initiating this action, Plaintiff filed a tort claim, arising out of the events alleged herein, against King County pursuant to RCW 4.92.100. More than sixty days have passed since its presentation.

## III.   PARTIES

3.1    Plaintiff Carlos Womack is a resident of King County, Washington and the Western District of Washington and a current employee of Defendant King County and was so employed during all events giving rise to this Complaint for Damages and Other Relief.

3.2    Defendant King County is a political subdivision of the State of Washington located in the Western District of Washington.

3.3    Defendant Carri Brezonick is a resident of speaking and managing agent of Defendant King County and was so during all events giving rise to this Complaint for Damages and Other Relief.

## IV.   STATEMENT OF FACTS

4.1    Carlos Womack (hereinafter "Womack" or "Plaintiff") is a Hispanic male.  He has been employed by Defendant King County's Transportation Department since March 31, 2000. He began as a Coach Operator and became a Supervisor in 2011 after successful completion of the 12-month Supervisor-in-Training (SIT) program.  Between 2012 and 2017, Plaintiff was employed as a First-Line Supervisor (hereinafter "FLS") in various areas of Defendant's Transit Operations including in Base Operations as a Dispatcher/Planner and as a

COMPLAINT FOR DAMAGES
AND OTHER RELIEF - 2

**PATRICIA S. ROSE**
LAW OFFICE OF PATRICIA S. ROSE
1455 NW Leary Way, Suite 400
Seattle, Washington 98107
T: (206) 622-8964 | F: (206) 694-2695
patty@pattyroselaw.com

Transit Instructor (Fall 2013 through Spring 2015).  Throughout the period of his employment, he has been a member of the Amalgamated Transit Union, Local 587, whose collective bargaining agreement with Defendant King County has governed his terms and conditions of employment.

4.2 Defendant King County is an employer within the meaning of RCW 49.60 and employs Defendant Carri Brezonick and did so during all periods relevant to this Complaint for Damages and Other Relief.

4.3 As permitted under his collective bargaining agreement, in Spring 2017, Womack picked an assignment by seniority into Transportation Department's Operations Training Section as a Transit Instructor. At the end of this assignment, Womack received his first Performance Appraisal as a FLS.   Training Chief Steve St. Aubin gave him the highest possible score of "5" in 14 categories. In the remaining two categories, he gave Womack a rating of "4." Based on this review, Mr. Womack believed that he was qualified for further advancement and was committed to pursue  upward mobility opportunities with Defendant County as a Base Chief and beyond.

4.4 On March 12, 2018, Operations Training Superintendent Carri Brezonick sent an email to all Operations Supervisors seeking candidates for an available assignment as SIT Trainer - Base Operations [SIT Trainer], a position in his job classification as First-Line supervisor. Interested individuals were asked to send an email detailing their interest to Defendant Brezonick before close of business on March 19, 2018. On March 18, 2018, Womack sent an email to Brezonick detailing his interest and relevant experience for the SIT Trainer assignment.

4.5 Womack picked back into Training and resumed his previous position as a Transit Instructor on Saturday April 7, 2018. His new job location was the Atlantic/Central Base with Acting Training Chief Natalie Craig as his supervisor. He heard nothing about his pending application until he received a group email from Defendant Brezonick dated April 9, 2018 that announced the selection of Michael Caceres (an Asian male) for the SIT Instructor assignment.

COMPLAINT FOR DAMAGES
AND OTHER RELIEF - 3

PATRICIA S. ROSE
LAW OFFICE OF PATRICIA S. ROSE
1455 NW Leary Way, Suite 400
Seattle, Washington 98107
T: (206) 622-8964 | F: (206) 694-2695
patty@pattyroselaw.com

4.6     Caceres, a recent SIT graduate, had only 6 months of experience in Base Operations as a Supervisor and less than 6 months as a Transit Instructor. Two weeks later, Brezonick announced the selection of Barbara Pastores, (a White female), for a second SIT Trainer assignment. After completing SIT Training in early 2017, Ms. Pastores worked as a Transit Instructor and was on Special Duty as a Scheduler Planner at the time of her application.

4.7     Given his superior experience and undeniable qualifications, Plaintiff was understandably disappointed by these decisions, both the non-interview and non-selection as well as the manner in which the decisions were communicated

4.8     Prior to that time, Plaintiff had never filed a contractual grievance as a union member or an internal discrimination complaint. As described below, after he did so, he experienced a pattern of disparate treatment, close scrutiny, and retaliatory treatment including unwarranted investigations into his conduct and work based on standards that other individual First-Line Supervisors were not.

4.9     Specifically, on April 25, 2018, Plaintiff filed a union grievance related to a seniority violation involving work place schedules. Shortly after the grievance procedure's multi-step process progressed, he received an email from Defendant Brezonick critiquing his use of the sick leave procedure and subsequently other corrective action correspondence from Defendant Brezonick's subordinates Steve St. Aubin and Joni Torrey regarding his alleged data entry errors, conduct similar to that engaged in by many First-Line supervisors in Transit Operations.

4.10    On May 4, 2018 a Step-1 Grievance Hearing was held before Defendant Brezonick; she subsequently denied the grievance on May 11, 2018. Plaintiff appealed the denial to a Step-2 Hearing scheduled for May 25, 2018.

4.11    On May 23, 2018 and June 14, 2018, Plaintiff was questioned about Trainee Qualification pay entries in the TOQS Payroll System resulting in a Non-Disciplinary Counseling Meeting memo to be placed in Plaintiff's personnel file on June 15, 2018.

COMPLAINT FOR DAMAGES
AND OTHER RELIEF - 4

**PATRICIA S. ROSE**
LAW OFFICE OF PATRICIA S. ROSE
1455 NW Leary Way, Suite 400
Seattle, Washington 98107
T: (206) 622-8964 | F: (206) 694-2695
patty@pattyroselaw.com

4.12  Concerned about the disparate treatment, unwarranted discipline, and the non-selections, Plaintiff contacted Defendant's Office of EEO, Equity and Inclusion and filed a formal discrimination complaint with investigator Debra Hillary on August 3, 2018.

4.13  Within days of this meeting, on August 7, 2018, Womack was subjected to extensive interrogation regarding his timekeeping practices, practices that were similar to those engaged in by his peers. Stressed and concerned about this extreme reaction and perceived threat to his job after the aggressive tenor of the meeting on August 7th, Plaintiff took sick leave.

4.14  On August 8, 2018, while Plaintiff remained on leave, the EEO Office notified Defendant Brezonick and her direct reports Steve St. Aubin and Joni Torrey in writing that Womack had initiated an EEO complaint process claiming discrimination on the basis of race/national origin (Hispanic), and that he would also be working with Transit Disability Services (TDS) to seek reasonable accommodation for his learning disabilities.

4.15  Plaintiff Womack submitted his request for accommodation to both the EEO Office and TDS on September 10, 2018 as recommended by a specialist after her evaluation of his needs. His request for disability accommodation was initially approved by TDS and Womack's immediate supervisor Natalie Craig. Inexplicably, Defendant Brezonick intervened in the process and challenged the reasonableness of the approved accommodations, causing Plaintiff more anxiety and distress.

4.16  Ultimately, on September 26, 2018 during the Fall Pick process, Womack concluded that he felt compelled to pick out of the Training Section as his career advancement prospects were damaged by his protected conduct and unwarranted performance criticism.

4.17  From the filing of the grievance on April 25, 2018 and subsequent EEO complaint in the spring of 2019, Plaintiff continued to be under scrutiny by agents of King County including unwarranted investigations and interviews questioning his conduct that was never substantiated. This scrutiny affected the terms and conditions of his employment and led him to seek counseling because of the impact on his emotional and mental well-being.

COMPLAINT FOR DAMAGES
AND OTHER RELIEF - 5

PATRICIA S. ROSE
LAW OFFICE OF PATRICIA S. ROSE
1455 NW Leary Way, Suite 400
Seattle, Washington 98107
T: (206) 622-8964 | F: (206) 694-2695
patty@pattyroselaw.com

4.18    Plaintiff is currently employed as an FLS in Service Quality and has chosen this assignment to minimize his exposure to the stressful work conditions created and risk of further disparate treatment that he experienced in 2018-2019.

4.19    In May of 2019, after multiple revisions and changes made to her initial report drafts that found both discriminatory and retaliatory actions against Plaintiff, Ms. Hillary's conclusion that Plaintiff was subjected to illegal retaliation was approved by her superiors in a written report.

4.20     Upon information and belief, no significant corrective action was taken to address those findings. Likewise, despite the finding of retaliation and Defendant Brezonick's unwillingness to implement a reasonable accommodation or other interactive processes with Plaintiff, and a pattern and practice of engaging in retaliation directed at individuals engaging in protected activity regarding her operations, Defendant Brezonick was promoted from the position of Superintendent of Training to the position of Service Management Manager by Defendant King County.  In her current role, Defendant Brezonick manages more operations of the County's Transportation Department, including Operations Training, Transit Control Center and Service Quality where Plaintiff currently is employed.

V.    **CAUSE OF ACTION NO. 1 – DISCRIMINATION DUE TO RACE, NATIONAL ORIGIN,  AND DISABILITY IN VIOLATION OF WASHINGTON LAW**

5.1    Plaintiff realleges Paragraphs 1.1 to 4.20 as if fully set forth herein.

5.2    Both Defendants treated Plaintiff differently than similarly situated employees of Defendant County in the terms and conditions of employment in violation of RCW 49.60 *et seq*.

5.3    Defendants' actions, individually and collectively, were substantially motivated by Plaintiff's race, national origin and/or ancestry, in violation of RCW 49.60.030 and RCW 49.60.180.

COMPLAINT FOR DAMAGES AND OTHER RELIEF - 6

PATRICIA S. ROSE
LAW OFFICE OF PATRICIA S. ROSE
1455 NW Leary Way, Suite 400
Seattle, Washington 98107
T: (206) 622-8964 | F: (206) 694-2695
patty@pattyroselaw.com

5.4     Defendant Brezonick's actions regarding Plaintiff's reasonable accommodations request were unwarranted and substantially motivated by his disability.

5.5     Both Defendants are jointly, severally and Defendant County is vicariously, liable for the actions or inactions of Defendant Brezonick, and for engaging in prohibited race/ancestry discrimination and disability in violation of the Washington Law Against Discrimination directed at Plaintiff.

### VI. CAUSE OF ACTION NO. 2 – RETALIATION FOR ENGAGING IN PROTECTED ACTIVITY IN VIOLATION OF WASHINGTON LAW

6.1     Plaintiff realleges Paragraphs 1.1 to 5.5 as if fully set forth herein.

6.2     Plaintiff's actions in participating in the union grievance procedure and in filing an internal discrimination complaint under Defendant's EEO policy are both forms of protected conduct under Washington law.

6.3     Defendant Brezonick directly and/or through her subordinates engaged in retaliatory treatment toward Plaintiff by closely scrutinizing his performance, accusing him of inappropriate conduct, and targeting him for corrective action for actions and conduct that were similarly engaged in by other FTS employees under her supervision.

6.4     Defendants' retaliation directed at Plaintiff was substantially motivated by his protected activity.

6.5     Upon information and belief, Defendant Brezonick has engaged in a pattern and practice of retaliation directed at individuals who engage in good faith opposition activity in challenging her authority or participating in other protected actions under Washington law.

COMPLAINT FOR DAMAGES
AND OTHER RELIEF - 7

**PATRICIA S. ROSE**
LAW OFFICE OF PATRICIA S. ROSE
1455 NW Leary Way, Suite 400
Seattle, Washington 98107
T: (206) 622-8964 | F: (206) 694-2695
patty@pattyroselaw.com

6.6     Both Defendants are jointly, severally and Defendant County is vicariously liable for the actions or inactions of Defendant Brezonick, for engaging in prohibited retaliation in violation of RCW 49.60.210 of the Washington Law Against Discrimination.

## VII.     CAUSES OF ACTION NO. 3 – RACE,  ANCESTRY DISCRIMINATION AND RETALIATION IN VIOLATION OF 42 USC § 1981

7.1     Paragraphs 1.1 to 6.6 are realleged as if fully set forth herein.

7.2     Plaintiff's race and national origin was a substantial or motivating factor for the discrimination engaged in by agents of Defendant King County and/or Defendant Brezonick.

7.3     42 U.S.C. §1981 provides in pertinent part that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts as is enjoyed by white citizens."

7.4     Defendants' actions and omissions to act regarding Plaintiff's employment violate 42 U.S..C. §1981.

## VIII.   CAUSE OF ACTION NOS. 4-7 – NEGLIGENT RETENTION, NEGLIGENT SUPERVISION AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

8.1     Paragraphs 1.1 to 7.4 are realleged as if fully set forth herein.

8.2     Defendant King County has a duty to exercise reasonable care in its selection of personnel and particularly personnel entrusted with supervisory and managerial authority such as Defendant Brezonick.

8.3     Defendants also have a duty to exercise reasonable care in supervision of personnel involved with training and selecting personnel for promotional opportunities.

COMPLAINT FOR DAMAGES
AND OTHER RELIEF - 8

PATRICIA S. ROSE
LAW OFFICE OF PATRICIA S. ROSE
1455 NW Leary Way, Suite 400
Seattle, Washington 98107
T: (206) 622-8964 | F: (206) 694-2695
patty@pattyroselaw.com

8.4     Defendant King County breached those duties in selecting, retaining and supervising Defendant Carri Brezonick and/or in her conduct in managing her subordinates.

8.5     Defendant King County's actions and omissions to act were negligent *per se* and proximately caused tangible and intangible harm to Plaintiff.

8.6     As a result of Defendants' breach of the duties owed to Plaintiff, Plaintiff has experienced embarrassment, anxiety and extreme emotional distress.

### IX.     CAUSE OF ACTION NO. 8 – TORT OF OUTRAGE

9.1     Paragraphs 1.1 to 8.6 are realleged as if fully set forth herein.

9.2     The actions and inactions of Defendant Brezonick were intentional, purposeful, or deliberate in her interactions with Plaintiff.

9.3     The actions and omissions to act by Defendant Brezonick and other employees of Defendant King County in their interactions with Plaintiff caused him extreme emotional distress.

9.4     Defendants are jointly and severally liable for the outrageous conduct of its employees.

### X.     DAMAGES

10.1    Paragraphs 1.1 to 9.4 are realleged as if fully set forth herein.

10.2    Defendants are jointly and severally liable and Defendant King County is vicariously liable for the actions and inactions of Defendant Brezonick and other agents of King County.

COMPLAINT FOR DAMAGES
AND OTHER RELIEF - 9

**PATRICIA S. ROSE**
LAW OFFICE OF PATRICIA S. ROSE
1455 NW Leary Way, Suite 400
Seattle, Washington 98107
T: (206) 622-8964 | F: (206) 694-2695
patty@pattyroselaw.com

10.3    As a proximate cause of the conduct of Defendants, Plaintiff has suffered and continues to suffer damages for economic and pecuniary losses associated with his career and terms and conditions of employment with Defendant King County.

10.4    As a proximate cause of the conduct of Defendants, Plaintiff has suffered and continues to suffer damages for intangible losses including humiliation, embarrassment, emotional distress, loss of ability to enjoy life, and other intangible harm in an amount to be proven at trial.

10.5    As a proximate cause of the conduct of Defendants, Plaintiff has suffered special damages for use of sick leave benefits and other out of pocket expenses and actual losses in amounts to be proven at trial.

10.6    Plaintiff is entitled to nominal damages for the dignitary violation caused by Defendants' violations of Plaintiff's civil right to be free of disability-based, race and national origin discrimination, and retaliation under RCW 49.60 and race, national origin and retaliation under 42 U.S.C. §1981.

## XI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

1.    Compensatory damages for economic damages in an amount to be proven at trial;

2.    Compensatory damages for intangible losses, emotional distress, humiliation, embarrassment, and loss of ability to enjoy life;

3.    Reimbursement for all medical and other out of pocket expenses and special damages incurred by Plaintiff proximately caused by Defendants;

COMPLAINT FOR DAMAGES
AND OTHER RELIEF - 10

PATRICIA S. ROSE
LAW OFFICE OF PATRICIA S. ROSE
1455 NW Leary Way, Suite 400
Seattle, Washington 98107
T: (206) 622-8964 | F: (206) 694-2695
patty@pattyroselaw.com

4.      Punitive damages for Defendants' reckless violation of Plaintiff's civil rights as authorized under 42 U.S.C. §1981;

5.      Reasonable attorneys' fees and litigation costs including expert witness fees and other relief as authorized by RCW 49.60.030 and 42 USC §1988;

6.      Pre-judgment interest on any liquidated sums and post-judgment interest on any amounts recovered from the time of judgment to the time of satisfaction of judgment;

7.      An order that Defendants are jointly and severally liable for the actions and omissions and that Defendant King County is vicariously liable for the actions of Defendant Brezonick;

8      Injunctive and/or other equitable relief necessary to make Plaintiff whole and prevent similar civil rights violations as authorized by RCW 49.60.030;

9.      An order of a *Blaney* adjustment to compensate Plaintiff for any adverse tax consequences from any damages award; and,

10.     Any other legal and/or equitable relief the Court deems just and appropriate.

Dated this 14th day of March, 2022.

**LAW OFFICE OF PATRICIA S. ROSE**

*Patricia S. Rose*
Patricia S. Rose, WSBA #19046
Attorney for Plaintiff Womack
1455 NW Leary Way, Suite 400
Seattle, Washington 98107
(206) 622-8964 (voice)
patty@pattyroselaw.com (email)

COMPLAINT FOR DAMAGES
AND OTHER RELIEF - 11

PATRICIA S. ROSE
LAW OFFICE OF PATRICIA S. ROSE
1455 NW Leary Way, Suite 400
Seattle, Washington 98107
T: (206) 622-8964 | F: (206) 694-2695
patty@pattyroselaw.com

# VERIFICATION

I, CARLOS WOMACK, am over eighteen years of age. I am the Plaintiff in the above-captioned matter. I have reviewed the facts and allegations in this Complaint and do affirm under penalty of perjury under the laws of the United States that they are true and correct to the best of my knowledge and belief.

Dated at Renton, Washington this 14 day of March 2022.

_____
CARLOS J. WOMACK

COMPLAINT FOR DAMAGES
AND OTHER RELIEF - 12

PATRICIA S. ROSE
LAW OFFICE OF PATRICIA S. ROSE
1455 NW Leary Way, Suite 400
Seattle, Washington 98107
T: (206) 622-8964 | F: (206) 694-2695
patty@pattyroselaw.com